**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES LEE SHOCKLEY, | ) | Case No. 21-30839-KLP |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

## OBJECTION TO CONFIRMATION OF AMENDED PLAN

Kapitus Servicing, Inc. formerly Colonial Funding Network, Inc. as servicing provider for Strategic Nationwide Funding ("**Strategic**"), by and through counsel of record, hereby files this objection to confirmation of the Amended Chapter 13 Plan (Doc. 34) (the "**Amended Plan**") filed by James Lee Shockley (the "**Debtor**").  In support of its objection, Strategic states as follows:

1.      This is the Debtor's second bankruptcy case within two years.  He previously filed a petition for relief on September 2, 2019 (Case No. 19-34570-KRH) (the "**First Bankruptcy Case**"). The First Bankruptcy Case was dismissed on March 11, 2021 for failure to make plan payments.  (Case No. 19-34570-KRH, Doc. 59).

2.      The Debtor then filed this case three (3) business days later on March 16, 2021 (Case No. 21-30839-KLP).

3.      On April 8, 2021, the Debtor amended his chapter 13 plan, which suffers from the same deficiencies as the original plan, as outlined in the Trustee's Objection to Confirmation

W. Ashley Burgess, VSB No. 67998
Klementina V. Pavlova, VSB No. 92942
SANDS ANDERSON PC
P.O. Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648.1636
Facsimile: (804) 783-7291
Email:  aburgess@sandsanderson.com
           kpavlova@sandsanderson.com
 *Counsel for Kapitus Servicing, Inc. formerly Colonial Funding Network, Inc. as servicing provider for Strategic Nationwide Funding*

(Doc. 24) and Strategic's Objection to Confirmation (Doc. 31).

4.      According to the Debtor's schedules, Strategic is a creditor of the Debtor with a non-contingent, non-disputed, liquidated claim.  *See* (Doc. 16 at pg. 18, §4.6).

5.      Strategic is a creditor of the Debtor by virtue of a judgment entered on July 26, 2018 in the Supreme Court of the State of New York, County of New York, (the "**Strategic Judgment**") in favor of Strategic and against the Debtor and the Debtor's business Shockley's Truck Service, LLC ("**Shockley's Truck**").  (POC # 10).

6.      The Debtor is a 100% owner and sole member of Shockley's Truck.  (Doc. 16 at pg. 6, §19).  According to the Debtor's Amended schedule I & J attached to the Amended Plan, all of Debtor's income used to fund the Amended Plan is generated from the business, Shockley's Truck. (Doc. 34 at pg. 8, §8a.).

7.      Pursuant to that certain *Merchant Cash Advance Agreement dated July 2, 2015* and that certain *Security Agreement and Guaranty dated July 2, 2015,* respectively (the "**Security Agreement**" or "**Guaranty**" collectively, the "**Agreement**"), Strategic purchased certain future receipts of Shockley's Truck in consideration of $25,000.00 (the "**Purchase Price**") provided to Shockley's Truck and the Debtor as its representative. The Agreement is attached to POC # 10, pp. 9-16.  In exchange for the Purchase Price, Shockley's Truck and the Debtor authorized Strategic to debit a total of $33,250.00 of Shockley's Truck's receipts from its credit card processor to be paid at a rate of 17% of Shockley's Truck's daily receipts, which was personally guaranteed by the Debtor. As further consideration for the purchase, Shockley's Truck and the Debtor granted a first priority security interest in Shockley's Truck's assets. By January 8, 2016, however the Debtor and Shockley's Truck had defaulted on their obligations under the Agreement and ceased all payments.

2

8.    Specifically, the Debtor unconditionally guaranteed to Strategic, among other things, Shockley's Truck's performance of all of the representations, warranties and covenants in the Agreement.

9.    Pursuant to the terms of the Security Agreement, Shockley's Truck granted to Strategic a first priority security interest in all or substantially all of Shockley's Truck's personal property assets, including cash, accounts, deposit accounts and receivables (the "**Cash Collateral**"), and Shockley's Truck's equipment, inventory, intangibles, instruments, investment property, chattel paper and all proceeds of such property (collectively with the Cash Collateral, the "**Collateral**").   Strategic perfected its security interest in the Collateral by filing a UCC-1 Financing Statement with the Virginia State Corporation Commission at File Number 15072738707, renewed at File Number 202006090084546, which is attached to POC # 10, pp. 53-60 (the "**Financing Statement**").

10.    As of the petition date, Strategic is a creditor in this bankruptcy case in the amount of at least $69,280.90 (POC # 10).

11.    Among other things, to obtain confirmation of his plan, the Debtor must demonstrate that the plan is feasible.  11 U.S.C. § 1325(a)(6).  To demonstrate feasibility, Debtor must show that "the debtor will be able to make all payments under the plan and to comply with the plan."  11 U.S.C. § 1325(a)(6). "In approving the plan, the Court must determine that the debtor will be able to make all payments under the plan and to comply with the plan." *In re Penland*, 11 B.R. 522, 524 (Bankr. N.D. Ga. 1981).

12.    In this case, all income available to the Debtor is committed to monthly expenses and Chapter 13 plan payments made directly to the trustee with nothing remaining for payment of the Strategic claim.  However, the monthly expenses and plan payments are solely funded by

3

the Cash Collateral and Collateral, without adequate protection to Strategic for its first priority secured claim.  As discussed in more detail below, the Debtor will not be able to make all payments under the plan and to comply with the Amended Plan because of Strategic's rights of enforcement actions against Shockley's Truck which is the Debtor's sole income source. Therefore, the Debtor has not met his burden under § 1325(a)(6).

13.    Further, Strategic asserts that the Amended Plan is not feasible due to the Debtor's failure to generate sufficient cash flow to fund the Amended Plan payments.  The Debtor has not provided a detailed breakdown of his business income and expenses showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.

14.    Assuming *arguendo* that the Debtor could use the Cash Collateral or Collateral in the manner alleged, Strategic has not seen any of the Debtor's financial projections, which are required to be filed along with the proposed Amended Plan and are essential to the plan confirmation evaluation and process.

15.    For a chapter 13 plan to be confirmed, it must also be proposed in good faith. 11 U.S.C. § 1325(a)(3).  Section 1325(a)(7), which was added to the statute by the BAPCPA amendments, also conditions plan confirmation on the petition having been filed in good faith. 11 U.S.C. § 1325(a)(7). In the confirmation context, the chapter 13 debtor bears the burden of proof on both of these good faith requirements.  11 U.S.C. § 1325(a)(3) and (a)(7).  The Debtor's chapter 13 petition and proposed Amended Plan do not meet the good faith standard set forth in *Deans v. O'Donnell*, 692 F.2d 968 (4th Cir. 1982) and are in violation of 11 U.S.C. § 1325(a)(3). As expanded in *In re Solomon*, 67 F.3d 1128, 1134 (4th Cir. 1995), and *Neufeld v. Freeman*, 794 F.2d 149, 152 (4th Cir. 1986) the test for good faith contains both objective and subjective

4

components. *Id*. The underlying inquiry is based on fundamental fairness. The non-exhaustive

list of the factors to be considered includes:

1.  the Debtor's past bankruptcy filings;
2.  the Debtor's financial situation;
3.  the Debtor's employment history, and current and future employment prospects;
4.  the percentage of proposed repayment to creditors;
5.  the time over which creditors will receive payment;
6.  the nature of the Debtor's pre-petition conduct that gave rise to the case;
7.  whether the debts would be dischargeable in a chapter 7 proceeding;
8.  the nature and amount of unsecured claims;
9.  the Debtor's honesty in disclosing facts of the case; and
10. any other unusual or exceptional problems the debtor faces.

16.    The Debtor is intending to use Strategic's Cash Collateral generated by

Shockley's Truck as the source of funding for his Amended Plan.  However, Strategic does not

consent to the Debtor's proposed use of Strategic's Cash Collateral and will pursue its rights for

enforcement against and recovery of its Cash Collateral and Collateral pursuant to the Strategic

Judgment and its standing and rights as a secured creditor.

17.    Strategic also objects to the terms of the Amended Plan as it fails to adequately

treat Strategic's claim.  Despite proposing to use the Cash Collateral and Collateral as the sole

source of Amended Plan funding, the Debtor fails to provide Strategic with adequate protection

of its secured claim.  This is the Debtor's second bankruptcy filing within two years.  In his

previous case, he was unsuccessful in completing his plan payments and therefore the case was

dismissed. Further, as discussed above, he has dedicated the use of the Cash Collateral and

Collateral to a Chapter 13 plan with only a 3% distribution to its unsecured creditors.  Upon

information and belief, the Debtor has not produced monthly pay stubs or Profit and Loss

statement showing his monthly income despite his obligation under the Bankruptcy Code.  The

Debtor does not have sufficient income to adequately fund a Chapter 13 plan and pay his

creditors, and will not in the future given Shockley Truck's default on its secured obligations.

Case 21-30839-KLP    Doc 38    Filed 08/04/21    Entered 08/04/21 17:10:00    Desc Main
Document    Page 6 of 7

The Debtor's pre-petition and post-petition conduct shows that he is not able to propose a confirmable plan, and he does not have the means to make future payments, especially in light of Strategic's status as a secured creditor and judgment creditor, and intent to enforce its rights against Shockley's Truck which is the Debtor's sole income source.

18.    Accordingly, Strategic objects to the terms of the Amended Plan as it fails to adequately treat Strategic's claim and asserts that the Chapter 13 Amended Plan fails to comply with 11 U.S.C. 1325(a).  Strategic objects to the confirmation of the Chapter 13 Amended Plan because it fails to satisfy the requirements 11 U.S.C. § § 1325(a)(1), (3), (4), (5), (6) and (7) that requires, *inter alia*, the Chapter 13 Amended Plan be filed in good faith in order to be confirmed.

19.    Strategic reserves the right to raise additional objections to confirmation of the Chapter 13 Amended Plan upon hearing of the instant objection.

**WHEREFORE,** Strategic prays that confirmation be denied or, in the alternative, that the Amended Plan be modified to comply with Chapter 13 and the other applicable provisions of the Bankruptcy Code consistent with this objection and for such other and further relief to which Strategic may be entitled.

Dated: August 4, 2021

**KAPITUS SERVICING, INC. FORMERLY COLONIAL FUNDING NETWORK, INC. AS SERVICING PROVIDER FOR STRATEGIC NATIONWIDE FUNDING**

*/s/ Klementina V. Pavlova*
W. Ashley Burgess, VSB No. 67998
Klementina V. Pavlova, VSB No. 92942
**SANDS ANDERSON PC**
P.O. Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648-1636
Email:  aburgess@sandsanderson.com
        kpavlova@sandsanderson.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of August, 2021, a true copy of the foregoing was filed and served pursuant the Court's CM/ECF system on all parties that receive notice in the Debtor's case and by U.S. Mail, first class, postage fully prepaid to the following:

James Lee Shockley
16116 Tri Gate Road
Chester, VA 23831
  *Debtor*

James E. Kane
Kane & Papa, PC
1313 East Cary Street
P.O. Box 508
Richmond, VA 23218-0508
  *Counsel to the Debtor*

Suzanne E. Wade
7202 Glen Forest Drive, Ste. 202
Richmond, VA 23226
  *Trustee*

John P. Fitzgerald, III
Office of the US Trustee - Region 4 -R
701 E. Broad Street, Ste. 4304
Richmond, VA 23219


              */s/ Klementina V. Pavlova*